# George W. Walters, Plff. in Err., v. D. C. Oyster.

Judgment in scire facias proceedings to revive a judgment which was obtained prior to bankruptcy proceedings, so restricted that it cannot be enforced against the debtor or any of his property, except his interest in real estate on which it was a lien prior to institution of bankruptcy proceedings and the proceeds thereof in trustee's hands, is valid.

(Decided October 26, 1885.)

Error to the Common Pleas of Cambria County to review a judgment for plaintiff. Affirmed.

The facts sufficiently appear in the charge of the court below as follows:

Charge: This is a scire facias to revive a judgment obtained by the plaintiff against the defendant to No. 205, December Term, 1875. This judgment has been placed in evidence before you. It would from the date of its entry be and continue a lien for five years against any real estate owned by the defendant. Afterwards and within five years a scire facias was issued, followed by an alias scire facias to revive it. If this were the whole case the plaintiff would be entitled to a verdict for the amount of the judgment, with interest thereon until the present time.

But the defendant pleads specially that on January 29, 1877, there was an adjudication of bankruptcy against the defendant, and that on April 26, 1880, he obtained his discharge as a bankrupt. His discharge is in evidence, and is legal evidence in this case to show the discharge of defendant from his debts prior to the adjudication. To this the plaintiff replies that the judgment upon which this scire facias was issued was not only a debt, but a lien upon all the land in which the defendant had an interest at the time of its entry. The evidence shows that

NOTE.—It has been uniformly held that a discharge in bankruptcy is no defense to a scire facias to revive a judgment, but that the court will restrict it to the land on which it was a lien. Featherman v. Beamish, 2 C. P. Rep. 155; Clark v. Israel, 6 Binn. 391; Murphy v. Crawford, 114 Pa. 496, 7 Atl. 142. Nor can the discharge be pleaded to a scire facias to revive a judgment already revived after the discharge. Stewart v. Colwell, 24 Pa. 67. The judgment may have been obtained prior to the institution of the bankruptcy proceedings, as in WALTERS v. OYSTER, or between the time of the institution and the discharge. Bown v. Morange, 108 Pa. 69.

Henry Walters died in 1872, owning real estate described in plaintiff's replication. In that case the judgment of plaintiff became a lien upon the interest of the defendant in all the real estate devolving upon him at the death of Henry Walters, and it is against this real estate this judgment is sought to be revived.

This raises the only question in the case. Does the discharge in bankruptcy relieve the defendant from the lien of the judgment of plaintiff? Where a party owning real estate becomes a bankrupt, either voluntary or involuntary, the bona fide liens against such real estate are preserved. Proceedings in bankruptcy do not interfere with liens, nor affect their priority in reference to each other. True, Mr. Walters should have returned this real estate, and his assignee in bankruptcy might have obtained from the bankrupt court an order for the sale of it. But even then the bona fide liens would have taken the fund realized from such sale. And the only effect would have been to discharge plaintiff's lien and throw him upon the fund. But it does not appear that the assignee of this defendant ever took charge of this real estate. Certainly, it never was disposed of by him, but remained subject to the lien of plaintiff's judgment until the title of the defendant was devested by proceedings in the orphans' court of Cambria county, and plaintiff thrown on the fund thus realized.

There is no real controversy about the facts in this case. The only question presented is a legal one. This relieves you, gentlemen, of all responsibility, and throws the burden upon the court. We instruct you to render a verdict for the plaintiff for the amount of his judgment, with interest to this date. If we are wrong, there is a tribunal to correct our error.

Of course, your verdict, whatever its amount, does not affect any rights or property of defendant, except that bound by the original judgment, or its proceeds, as set forth in plaintiff's replication. But, as future proceedings are within the entire control of this court, no injury can be done to the property or estate of defendant.

Verdict was accordingly rendered for plaintiff, and, on due notice, rule to show cause previously taken was made absolute, that judgment be enforced only against proceeds of real estate which defendant inherited from his father, and not against person of defendant, or any other property.

*James Potts, James M. Walters,* and *Joseph A. McDonald,* for plaintiff in error.—Section 5117 [U. S. Rev. Stat.] of the act of Congress approved March 2, 1867 (chap. 176), is as follows: "No debt created by the fraud or embezzlement of the bankrupt or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy, but the debt may be proved, and the dividend thereon shall be a payment on account of such debt."

Section 5118 provides that "no discharge shall release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety, or otherwise."

Section 5119 is as follows: "A discharge in bankruptcy duly granted shall, subject to the limitations imposed by the two preceding sections, release the bankrupt from all debts, claims, liabilities, and demands which were or might have been proved against his estate in bankruptcy. It may be pleaded by a simple averment that on the day of its date such discharge was granted to the bankrupt, setting a full copy of the same forth in its terms as a full and complete bar to all suits brought on any such debts, claims, liabilities, or demands. The certificate shall be conclusive evidence in favor of such bankrupt of the fact and the regularity of such discharge."

During the trial there was no evidence or allegation to bring this case within any of the above exceptions.

The lien of a judgment acquired prior to the commencement of proceedings in bankruptcy is not excepted out of the act of Congress of March 2, 1867, § 5119, by the two preceding sections, but is a claim which the plaintiff alleges he has against the estate of the defendant, the bankrupt. This claim might have been proved by the plaintiff, if indeed it was not, for he admits in his own testimony that the defendant was seeking a discharge in the bankrupt court.

A scire facias to revive a judgment, to give additional life to a lien which has, or is about to expire, is not a continuation of the life of the lien for ten consecutive years, but a new life for five years, the length of time allowed by law, and is, therefore, so far as the lien is concerned, a new action, and to which a discharge of bankruptcy is pleaded. The plea is a complete answer and defense to the scire facias. Act of Congress March 2, 1867, § 5105; Ott v. Perry, 1 Phila. 77.

*George M. Reade* and *Alvin Evans,* for defendant in error.—
Section 5075, U. S. Rev. Stat., provides that "when a creditor
has a mortgage or pledge of real or personal property of the
bankrupt, or a lien thereon for securing the payment of a debt
owing to him from the bankrupt, he shall be admitted as a cred-
itor only for the balance of the debt after deducting the value
of such property, to be ascertained by agreement between him
and the assignee, or by a sale thereof, to be made in such manner
as the court shall direct, or the creditor may release or convey his
claim to the assignee, upon such property, and be admitted to
prove his whole debt."

Where the encumbered estate is of greater value than the
amount of the encumbrances, the bankrupt court will award an
order to sell clear of encumbrances, upon notice to all parties in
interest, and turn the lien creditors over to the proceeds. Ray
v. Norseworthy, 23 Wall. 128, 137, 23 L. ed. 116, 118; Factors'
& T. Ins. Co. v. Murphy, 111 U. S. 738, 739, 28 L. ed. 582,
583, 4 Sup. Ct. Rep. 679.

Such has been the uniform practice in the lower courts. Re
Kirtland, 10 Blatchf. 515, Fed. Cas. No. 7,851; Re National
Iron Co. Nat. Bankr. Reg. 422, Fed. Cas. No. 10,045.

The United States courts have uniformly and persistently
maintained the liens obtained in good faith in the state courts,
under the former as well as under the recent bankrupt act. Thus,
when attachments had been issued and liens obtained under a
state law, held, that such liens were not defeasible by the in-
terposition of the plea of a discharge of the bankrupt in bar of
the action. Peck v. Jenness, 7 How. 612, 623, 12 L. ed. 841,
845. See also Doe v. Childress, 21 Wall. 642, 646, 22 L. ed.
549, 550; Fehley v. Barr, 66 Pa. 196, 197; Streeper v. McKee,
86 Pa. 188; Green v. Arbuthnot, 4 W. N. C. 357; Tinstman v.
Flenniken, 6 W. N. C. 29, 26 Pittsb. L. J. 10.

PER CURIAM:
In view of the manner the verdict was molded and the form
of the judgment entered, the plaintiff in error is fully protected.
It is so restricted that it cannot be enforced against him or any
of his property, except against his interest in real estate on
which it was a lien prior to the institution of proceedings against
him in bankruptcy; and against the proceeds of said real estate

in the hands of the trustee appointed to sell a portion thereof.

Any execution which may be issued on the judgment will be restrained accordingly.

Judgment affirmed.